# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:24 CV 13 RWS |
| | ) |
| BILL STANGE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Kevin Ward's motion for leave to proceed in forma pauperis. (ECF No. 2). Having reviewed the motion and the financial information provided in support, the Court will grant the request and assess an initial partial filing fee of $7.93. *See* 28 U.S.C. § 1915(b)(1). Even so, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2).

### Initial Partial Filing Fee

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) Twenty percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) twenty percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id.*

In support of his motion, Plaintiff has submitted a certified account statement that reflects an average monthly balance of $39.63 for the six-month period preceding his complaint. Thus, the Court will assess an initial partial filing fee of $7.93, representing twenty percent of Plaintiff's average monthly balance over that time.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must

demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff is an inmate at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He brings this action under 42 U.S.C. § 1983 against the following individuals in their individual capacities: Bill Stange (Warden), Latonya Young (Deputy Warden), Lorene Armstrong (Functional Unit Manager), William Petty (Correctional Officer), and Michael Howard (Correctional Case Manager).

Plaintiff asserts that on September 8, 2023, Defendant Armstrong—at the behest of Defendant Stange—issued a conduct violation against Plaintiff and placed him in temporary administrative segregation. According to Plaintiff, the conduct violation was "minor" and "involved a correctional officer . . . who quit his job as a result of being accused of being involved." Six days later, Plaintiff appeared before Defendants Armstrong, Petty, and Howard for a classification hearing. These defendants determined that Plaintiff should remain in administrative segregation ("ad-seg") for an additional 30 days. Plaintiff asserts he had not yet been found guilty of the conduct violation in question.

According to Plaintiff, offenders are typically referred to the ad-seg committee only after a finding of guilt on a conduct violation. Plaintiff contends that the Missouri Department of

3

Corrections ("MDOC") has seven days to make a determination on a conduct violation. If MDOC does not do so within that time, the conduct violation must be dismissed.

Plaintiff claims that Defendants failed to follow MDOC policies. He alleges he was never found guilty of the conduct violation and that the seven-day determination period expired on September 19, 2023. Plaintiff informed his caseworker on September 20, 2023, that the conduct violation should be dismissed. Defendant Howard then dismissed and expunged the violation on the same day. Plaintiff asserts that Defendant Armstrong held him in ad-seg for another month despite the dismissal because Plaintiff "beat" Armstrong's conduct violation.

Plaintiff states that he again appeared before the ad-seg committee on October 24, 2023. He asked the committee to release him to the protective custody unit where he had resided prior to his time in ad-seg. Defendant Armstrong denied the request, explaining that Defendant Young had decided that Plaintiff should go to general population. Plaintiff then signed enemy waivers but was not released to general population.

According to Plaintiff, someone informed him on November 3, 2023, that his ad-seg assignment had again been extended. He claims that Defendants "conspired to retaliate against [him] for beating a violation that they all felt like [he] was guilty of." He alleges that Defendants "all held me in ad-seg for 90 more days unlawfully literally for no reason at all. I complained to everyone, to each defendant in writing and they all ignored me, with the exception of Defendant Petty. I never wrote to him." Plaintiff seeks an undetermined sum in monetary damages.

## Discussion

Plaintiff identifies several causes of action his complaint. The Court will address each in turn.

4

1. **Due Process**

Plaintiff asserts that Defendants violated his due process rights by keeping him in ad-seg in violation of MDOC policy. The Fourteenth Amendment provides, in part, that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. There is a two-step process for evaluating procedural due process claims. First, the Court must determine "whether there exists a liberty or property interest of which a person has been deprived." *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016) (citation omitted). Second, if a liberty interest exists, the Court must determine "whether the procedures followed by the State were constitutionally sufficient." *Id.* (citation omitted). Unless there has been a constitutional deprivation, there is no need to determine what process is due. *Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998).

The Due Process Clause itself does not create an interest in being confined to general population as opposed to administrative segregation. *Swenson v. Trickey*, 995 F.2d 132, 134 (8th Cir. 1993) (citing *Hewitt v. Helms*, 459 U.S. 460, 465 (1983) (superseded by statute on other grounds)). "An inmate who makes a due process challenge to his segregated confinement must make a threshold showing that the deprivation of which he complains imposed an atypical and significant hardship." *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (citation and internal quotation marks omitted). Put another way, "[i]f the decision to segregate is arbitrary or purposeless, a court may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon inmates." *Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) (cleaned up). The State's failure to follow its own procedural rules alone does not create a federal due process violation. *Diaab v. Terry*, 221 F.3d 1341 (8th Cir. 2000) (unpublished opinion) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). In determining whether an

5

inmate has established a liberty interest, the Court should look to the nature of the prisoner's confinement, not the procedures employed by the State. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir.1997)). To that end, the Court must compare the conditions the inmate experienced in segregation with those he could expect to experience as an ordinary incident of prison life. *Id.* (cleaned up). The Eighth Circuit Court of Appeals has consistently held that placement in segregation, even without cause, is not itself an atypical and significant hardship. *Kennedy*, 100 F.3d at 643. Rather, to establish a liberty interest, an inmate must identify some difference between his conditions in segregation and the conditions in the general population that would constitute an atypical and significant hardship. *Phillips*, 320 F.3d at 847.

Here, Plaintiff does not identify any specific differences between the conditions he experienced in ad-seg and the general conditions of confinement at the prison. He instead relies entirely on his assertion that Defendants failed to follow MDOC policy. As explained above, a failure to follow procedural rules alone does not create a federal due process violation. *Diaab*, 221 F.3d at 1341. And the mere fact that Plaintiff was placed in ad-seg—even without cause—does not constitute an atypical and significant hardship. *See Kennedy*, 100 F.3d at 643; *see also Phillips v. Hurley*, No. 4:13-CV-1745-SNLJ, 2016 WL 4396168, at *4 (E.D. Mo. Aug. 18, 2016) (finding on summary judgment that plaintiff had not established a liberty interest despite his assertion that he was placed in ad-seg for 120 days without an explanation or hearing); *Portley-El*, 288 F.3d at 1065 ("We have consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*."). Simply put, Plaintiff's factual allegations do not establish a liberty interest. For this reason, the Court finds that Plaintiff has failed to state a plausible due process claim.

### 2. Cruel and Unusual Punishment

Plaintiff also asserts that Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment. To sustain this claim, Plaintiff must show "that the alleged deprivation, viewed objectively, is 'sufficiently serious' and that the prison officials' actions, viewed subjectively, demonstrate a 'deliberate indifference' to the prisoner's health or safety." *Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (citation omitted). "A deprivation is 'sufficiently serious' if it denies a prisoner the 'minimum civilized measures of life's necessity.'" *Id.* (citation omitted).

As with his due process claim, Plaintiff does not identify any particular conditions of confinement to support his claim under the Eighth Amendment. Plaintiff instead appears to assert that the extension of his time in ad-seg itself constitutes cruel and unusual punishment. He does not allege that Defendants denied him the necessities of civilized life or that they were deliberately indifferent to his health or safety. Plaintiff's placement in ad-seg—even for an extended period of time—does not alone establish a claim under the Eighth Amendment. *See, e.g., Rahman X*, 300 F.3d at 973–74 (finding that the plaintiff's alleged deprivations did not rise to the level of "sufficiently serious" or demonstrate a "deliberate indifference" to his health or safety, even though he was confined in segregation for twenty-six months). The Court finds that Plaintiff's complaint fails to state a plausible claim under the Eighth Amendment.

### 3. Equal Protection

Plaintiff further asserts that Defendants violated his equal protection rights. Because he does not allege that he was a member of a protected class or that Defendants violated a fundamental right, he must show that "similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." *Phillips*, 320

7

F.3d at 848 (quoting *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir.1998)) (internal quotation marks omitted). He must also establish intentional or purposeful discrimination. *Id.*

Plaintiff makes no factual allegations showing that other similarly situated inmates are treated differently. He states only that "no other offenders are treated this way and I should never have been assigned to ad-seg without having been referred first." This statement is a legal conclusion that the Court need not accept as true. *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation"). The Court finds that Plaintiff has failed to establish a plausible claim under the Equal Protection Clause.

**4. Intentional Infliction of Emotional Distress**

Plaintiff also asserts that Defendants are liable for intentional infliction of emotion distress. To plead a claim of intentional infliction of emotional distress under Missouri law, a plaintiff must allege: "(1) the defendant [acted] intentionally or recklessly; (2) the defendant's conduct [was] extreme and outrageous; and (3) the conduct [caused] (4) severe emotional distress." *Pujols v. Pujols Fam. Found.*, No. 4:16-CV-1644-CAS, 2017 WL 4310436, at *8 (E.D. Mo. Sept. 28, 2017), *aff'd*, 721 F. App'x 567 (8th Cir. 2018) (citation omitted). To satisfy the first factor, the conduct must have been "intended only to cause extreme emotional distress to the victim." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) (citation omitted). To satisfy the second factor, the conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citation omitted).

While there can be little doubt that isolated confinement can cause some level of emotional distress, there is no indication in the complaint that Defendants' conduct went beyond all possible bounds of decency or that Defendants acted with the sole intent of causing Plaintiff extreme emotional distress. Nothing in the complaint suggests that Defendants' conduct was so atrocious as to be utterly intolerable in a civilized community. *See Gibson*, 952 S.W.2d at 249. Thus, Plaintiff's factual allegations do not support a claim of intentional infliction of emotional distress.

### 5. Retaliation

Liberally construed, the complaint can also be understood to assert a claim of retaliation in violation of the Eighth Amendment. As a general matter, prison officials cannot impose a disciplinary sanction against a prisoner in retaliation for a prisoner's exercise of a constitutional right. *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). Under the Eighth Amendment, a "prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007). Simply alleging that an act was retaliatory is insufficient. *Meuir*, 487 F.3d at 1119.

Plaintiff repeatedly asserts that Defendants retaliated against him for "beating" the conduct violation issued by Defendant Armstrong. Plaintiff does not, however, explain what he did to "beat" the conduct violation. That is, he does not assert that he overcame the conduct violation through a constitutionally protected right or that Defendants disciplined him for exercising that right. Plaintiff merely asserts that his placement in ad-seg was retaliatory. Without more, such an allegation is insufficient. *See Meuir*, 487 F.3d at 1119. Plaintiff's vague allusions to retaliation do not support a plausible claim for retaliation under the Eighth Amendment.

**Conclusion**

Based on the factual content in Plaintiff's complaint, the Court cannot reasonably infer that Defendants are liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. Thus, the Court will dismiss the complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $7.93 **within thirty (30) days** of the date of this order. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of July 2024.